UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Tyler O., | No. 24-cv-1394 (KMM/JFD) |
|         Plaintiff, | |
| v. | |
| Frank Bisignano, Commissioner of Social Security, | **ORDER** |
|         Defendant. | |

---

In this case, Plaintiff Tyler O. appeals the Commissioner of Social Security's denial of his application for disability benefits under 42 U.S.C. § 405(g). In support of his claim, Plaintiff argues that the Social Security Administration's (SSA) Administrative Law Judge (ALJ) that rejected his application for disability insurance benefits: (1) failed to rule on his request to reopen the record; (2) erred in evaluating the impacts of Plaintiff's drug or alcohol abuse; (3) and did not adequately address the reality that schizophrenia symptoms wax and wane, causing the ALJ to focus on too narrow a timeframe in evaluating whether Plaintiff was disabled. Pl.'s Br. 10, 12, 14, Dkt. 9. On May 1, 2025, United States Magistrate Judge Tony N. Leung (Ret.)[1] issued a Report and Recommendation (R&R). R&R, Dkt. 12. Judge Leung recommends that (1) Plaintiff's request to vacate the Commissioner's decision denying benefits and remand to the SSA

---

[1] Judge Leung retired shortly after issuing the R&R in this case, and the matter was reassigned to United States Magistrate Judge John F. Docherty. Dkt. 13. The case number for this matter was changed to reflect that reassignment.

1

for further proceedings be denied; (2) the Commissioner's request for the denial of benefits be granted; and (3) the SSA's decision be affirmed. R&R at 15.

Plaintiff filed timely objections to the R&R. Obj., Dkt. 14. When a party files specific objections to an R&R, the Court reviews those matters de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For those portions of the R&R that are not the subject of specific objections, the Court reviews for clear error. *Nur v. Olmsted Cnty.*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). Having reviewed the R&R, Plaintiff's objections, the underlying briefing of the parties, and the Certified Administrative Record, the Court finds no error in the R&R's proposed findings or conclusions of law and accepts the recommended disposition.

Plaintiff objects to only a narrow aspect of the R&R.[2] Specifically, Plaintiff argues that the R&R erroneously accepted the ALJ's focus on the period between Plaintiff's alleged onset date of disability through the date last insured when evaluating whether Plaintiff was disabled. This issue arose because Plaintiff had an earlier disability application that was denied by the agency, and this case concerns his second application, which came after that denial. R&R 2–3. When Plaintiff reapplied, his alleged onset date was adjusted by the agency to the day after his first application was denied. *Id.*; R. 18, 112–13 (noting alleged onset date and revised onset date). As explained in the R&R, in this case Plaintiff argued that "the ALJ failed to acknowledge that schizophrenia

---

[2] Aside from the issue raised in Plaintiff's objections, the Court has reviewed the unobjected to portions of the R&R for clear error, and finds none.

symptoms wax and wane[, and] the narrow time frame reviewed by the ALJ did not present a full picture of his condition." R&R 11 (citing Pl.'s Br. at 14, 15, Dkt. 9).

The R&R specifically addressed this argument as follows:

> The time period under consideration in a disability insurance case depends on two dates: the disability onset date and the "date last insured," often referred to as "DLI." The Court addresses the law for establishing each in turn.
> If a claimant becomes disabled after an ALJ issues a decision on the claimant's first application [as happened in this case], the initial application no longer remains in effect and the claimant must file a new application for benefits. 20 C.F.R. [§] 404.620(a)(2). As a result, the alleged onset date for the second application could be no earlier than the day after the ALJ issued its unfavorable decision on the first application.
> As for the "date last insured," a claimant must demonstrate that they were disabled prior to the expiration of their "insured" status. *See* 20 C.F.R. § 404.315 ("You are entitled to disability benefits while disabled before attaining full retirement age . . . if . . . [y]ou have enough social security earnings to be insured for disability, as described in [20 C.F.R.] § 130. . . ." (emphasis omitted)).
> Plaintiff's initial application was denied by an ALJ on May 21, 2021. Tr. 100. Plaintiff filed a new application, alleging a disability onset date of June 17, 2022. Tr. 112. Plaintiff's last date of insurance was December 21, 2021. Tr. 112. Because Plaintiff's alleged onset date was after Plaintiff's last date of insurance, the Social Security Administration adjusted Plaintiff's alleged onset date to May 22, 2021, which was one day after Plaintiff's first application was denied. Tr. 112–13. Accordingly, the ALJ properly considered evidence of Plaintiff's alleged disability from May 22, 2021, to December 21, 2021.[3]

R&R 11–12.

---

[3] The R&R's reference to December 21, 2021 appears to be a typographical error. The ALJ found that Plaintiff's DLI was December 31, 2021. R. 20.

3

Judge Leung then acknowledged two aspects of Eighth Circuit law relevant to this issue: (1) evidence concerning the limiting effects of a claimant's conditions from "outside the relevant time period can support or elucidate the severity of a condition;" and (2) nevertheless, proof of an inability to work during the relevant time is still required. R&R 13 (quoting *Pyland v. Apfel*, 149 F.3d 873, 878 (8th Cir. 1998)). Judge Leung then observed that the ALJ considered evidence of Plaintiff's symptoms from outside the period between the alleged onset date (May 22, 2021) and the DLI (December 31, 2021), and concluded that Plaintiff failed to show he was disabled during that time. R&R 13.

Plaintiff argues that the R&R should have reversed the ALJ's decision because Plaintiff referred to evidence pre-dating the alleged onset date and post-dating the DLI to show that he was, in fact, disabled within relevant timeframe. Obj. 2. Plaintiff contends that "it belies common sense to hold that [he] was not disabled as of" his DLI in December 2021 because he was "(1) incarcerated or involuntarily committed in the year prior to this claim and (2) under close court supervision for the majority of the pendency of this current claim and (3) continuously cycling in and out of emergency rooms displaying psychotic and delusional behavior the years after his DLI expired[.]" Obj. 3.

These objections are overruled. There is no dispute that May 21, 2021 was the appropriate alleged onset date, and Plaintiff does not argue that his DLI should have been anything other than December 31, 2021. Plaintiff similarly does not argue that it was erroneous to find that he had the burden to show he was under a disability during that May–December 2021 period. Any suggestion that the ALJ failed to evaluate the full

scope of potentially relevant evidence bearing on the question of disability is belied by the record. This Court agrees with the R&R that the ALJ plainly considered and discussed evidence in the record from both before the May 2021 alleged onset date and after the December 2021 DLI. And the ALJ properly focused on whether that evidence and the other evidence in the record showed that Plaintiff was disabled between May 2021 and December 2021. In the end, Plaintiff's argument is simply an invitation to reweigh the evidence and conclude, contrary to the findings of the ALJ, that the evidence concerning Plaintiff's symptoms from outside the relevant period sufficed to demonstrate that he was disabled within that period. But courts do not reweigh evidence when reviewing decisions under the applicable substantial-evidence standard. *See Cropper v. Dudek*, 136 F.4th 809, 814 (8th Cir. 2025) (rejecting claimant's argument that invited the court to reweigh the evidence of record). The ALJ's decision was supported by sufficient evidence "that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 813 (quoting *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021)).

Accordingly, IT IS HEREBY ORDERED THAT:

1. The R&R (Dkt. 12) is ACCEPTED.

2. Plaintiff's Objections (Dkt. 14) are OVERRULED.

3. Plaintiff's request for relief (Dkt. 9) is DENIED.

4. Defendant's request for relief (Dkt. 11) is GRANTED.

5. The Commissioner's decision denying Plaintiff's disability claim is AFFIRMED.

6. This matter is DISMISSED WITH PREJUDICE.

**Let Judgment be entered accordingly.**

Date: June 16, 2025					*s/Katherine Menendez*
						Katherine Menendez
						United States District Judge